ORDERED.

Dated:  October 10, 2019

_____
Catherine Peek McEwen
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| In re: | CASE NO: 8:19-bk-07508-CPM |
| | CHAPTER 7 |
| TZIREL B. BLEIER, | |
| aka Tzirel Breindel Bleier, | |
| aka Tzirel Bleier, | |
| | |
| Debtor | |
| _____/ | |

**ORDER GRANTING PENNYMAC LOAN SERVICES, LLC'S**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**(Re:  3122 Arlington Avenue, Bronx, NY 10463)**

**THIS CASE** came on for consideration of the *Motion for Relief from the Automatic Stay* (Doc. 8) filed by PennyMac Loan Services, LLC (the "Motion"), its successors and assigns. No appropriate response having been filed in accordance with Local Rule 2002-4, and the Court being otherwise more fully advised in the premises, it is

**ORDERED:**

1. The Motion (Doc. 8) is GRANTED.

2. The automatic stay arising by reason of 11 U.S.C. § 362 of the Bankruptcy Code is terminated as to Secured Creditor, its successors and assign's interest in the real property located at 3122 Arlington Avenue, Bronx, NY 10463 (the "Property"), which is legally described as:

B&S File No. 19-F01749                     1 of 2

**ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN THE BOROUGH OF THE BRONX, CITY AND STATE OF NEW YORK, DESIGNATED AS LOT NUMBER 66 ON A CERTAIN MAP ENTITLED "MAP OF NINETY TWO LOTS BELONGING TO THE ESTATE OF CAROLINE G. EWEN, ETC." MADE BY DOUGLAS KNOX, DATED DECEMBER 15,1919, AND FILED IN THE BRONX COUNTY REGISTER'S OFFICE ON JULY 15, 1921, AS MAP NO. 458". SAID PREMISES KNOWN AS 3122 ARLINGTON AVENUE, BRONX, NY 10463.**

3. The automatic stay is modified for the sole purpose of allowing the Secured Creditor, its successors and assigns, to complete *in rem* relief, to take any and all steps necessary to exercise any rights it may have in the property, to gain possession of the property, and to have *in rem* relief in accordance with non-bankruptcy law. Secured Creditor, its successors and assigns, does not have *in personam* relief against the Debtor.

4. Any communication by Secured Creditor, its successors and/or assigns, in connection with proceeding against the Property including, notices required by state law and communications to offer and provide information with regard to a potential forbearance agreement, loan modification, refinance agreement, loss mitigation agreement or other loan workout, may be sent directly to the Debtor.

5. Secured Creditor, its successors and/or assigns, have incurred attorneys' fees and court costs of $631.00 as a result of the necessity of filing this Motion. Said fees are recoverable as part of the debt pursuant to the loan documents but shall not be a personal liability of the Debtor.

6. Secured Creditor's request to waive the 14-day stay period under Bankruptcy Rule 4001(a)(3) is GRANTED.

###

Attorney Neisi I. Garcia Ramirez is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within three days of entry of the order.